# Richmond

## Virginia Bradfield Archer v. The National Bank of Fairfax, Administrator of the Estate of R. L. Bradfield, Effie Menefee and W. H. Bradfield.

January 26, 1953.

Record No. 4034.

Present, All the Justices.

The opinion states the case.

*Robert J. McCandlish, Jr., E. Calvin Van Dyck, John W. Jackson*, for plaintiff in error.

*Vivian L. Page, H. Wise Kelly, Jr., William T. Grasty*, for defendants in error.

WHITTLE, J., delivered the opinion of the court.

Virginia Bradfield Archer filed a motion for judgment on May 24, 1951, against the National Bank of Fairfax, administrator of the estate of R. L. Bradfield, deceased, alleging that the administrator was indebted to her by reason of a contract between herself and defendant's intestate.

The basis alleged for the contract was that plaintiff agreed to provide a home for Bradfield and to care for him during the remainder of his life, in consideration of which Bradfield promised to execute a will leaving his entire estate to plaintiff.

Plaintiff alleged that she fully complied with her part of the agreement but that defendant's intestate failed to devise his estate or any part thereof to her, in violation of the contract. She claimed the reasonable value of her services to be $14,000, which amount was later increased by amended motion for judgment to $19,792.74.

On June 11, 1951, the administrator petitioned the court that W. H. Bradfield and Effie Menefee, two of the heirs at law and distributees of decedent, be made parties to the suit. The petition was granted, and by proper order these parties were added as defendants.

Identical pleas of the statute of limitations, the statute of frauds, and of *res judicata* were filed by the three defendants. The pleas of *res judicata* assert: "* * * that the several matters and things alleged herein were finally adjudicated in a certain chancery cause in this court, entitled 'Helen Bradfield Truscott, complainant v. Virginia Archer, defendant, In Chancery, No. 7466', * * *. Reference is now made to the record of said Chancery Cause No. 7466, *and asked to be made and read as a part hereof.*" (Italics supplied)

In addition to the pleas filed by the defendants, they filed identical answers and cross-claims. The issues presented by

these were not adjudicated by the trial court, and as no cross-error was assigned, we need not consider them here.

The pleas of the statute of limitations filed by the defendants state: "* * * that the supposed cause of action set forth in the notice of motion for judgment and the amended motion for judgment is founded upon an oral contract and that the same did not accrue at any time within three years next before the commencement of this suit in the manner and form as the said plaintiff hath complained, and therefore the said action is barred by the statute of limitations as set forth in section 8-13 of the 1950 Code of Virginia; and this the defendant is ready to verify."

On December 6, 1951, the various pleas filed by the defendants were before the trial court for consideration. No evidence was heard in the case. The court did not consider the pleas of *res judicata* or the statute of frauds but did rule on the plea of the statute of limitations, which the plaintiff moved to strike. After hearing argument, the court announced its conclusion, that as the suit had not been brought within three years from the date of death the plea should be sustained and the motion to strike overruled. A final order carrying out the court's decision to sustain the plea of the statute of limitations and dismissing the action was entered on January 2, 1952. From this judgment we granted an appeal.

It is necessary to state some of the alleged facts and circumstances surrounding this litigation. Plaintiff contends that in the year 1945, her uncle, the decedent, promised to make a will leaving everything he had to her in return for her giving him a home and caring for him during the remainder of his life. In January, 1946, he moved into plaintiff's home and lived there. Before moving into plaintiff's home decedent handed plaintiff his will, dated October 1, 1945, instructing her to read it and take it to his attorney if anything happened to him.

The will gave plaintiff the entire estate. The uncle, while in plaintiff's home, died on May 16, 1948. After his death plaintiff offered this will for probate. The will was duly admitted to probate on May 24, 1948, and plaintiff qualified as executrix of the estate in accordance with the terms thereof.

On November 20, 1948, plaintiff discovered among her uncle's effects another document in the form of a will. This was so mutilated, however, as to make it ineffective as a will. The

names of the beneficiary, the testator and the subscribing witnesses had been physically cut out of the paper. The alleged second will was dated November 13, 1946.

This paper was immediately delivered by plaintiff to her attorney. She was advised by him that the mutilated will, while ineffective as a will, had the effect of revoking the will of October 1, 1945.

As a result of this advice, the plaintiff requested Helen Bradfield Truscott, an heir at law, to file suit asking the court to determine the effect of the mutilated will upon the original will. Such suit was instituted under the style of Helen Bradfield Truscott v. Virginia Archer. The bill in this suit stated: "* * * Virginia Archer has informed complainant that she has been advised by her counsel that she * * * cannot file this suit for the determination of the question of whether or not R. L. Bradfield died intestate * * * and has requested complainant to file this suit for judicial determination of the question ** *.''

While the bill in the Truscott chancery suit names only Virginia Archer as respondent, it lists the names and addresses of fifteen heirs at law of R. L. Bradfield and prays that they be made parties respondent if the court deems it necessary.

Virginia Archer filed her answer to the bill detailing the facts heretofore outlined, insisting that the mutilation of the second will should be construed to revive the will of October 1, 1945, and further requesting that if the mutilated will did not so revive the original will and it were decided that her uncle died intestate, she be permitted to qualify as his administratrix, being the only heir at law living within the jurisdiction of the court. A petition was filed by W. H. Bradfield requesting the court not to permit Virginia Archer to qualify as administratrix for the reason that "she is not a suitably disinterested party", and for this reason could not fairly administer the estate.

At the January, 1950, term, the court entered a decree in the Truscott suit adjudicating that R. L. Bradfield died intestate on May 16, 1948; that the order entered by the clerk on May 24, 1948, admitting the will of October 1, 1945, to probate, and appointing Virginia Archer executrix, be set aside and annulled; that the National Bank of Fairfax be appointed administrator of the estate, and that Virginia Archer be required to deliver the estate to the administrator.

Following this adjudication plaintiff filed her motion for

judgment in the instant case on May 24, 1951, which was dismissed as heretofore related when the court sustained the plea of the statute of limitations.

Two assignments of cross-error are listed by defendants which will be treated at this time before we consider plaintiff's determinative assignment of error. First, defendants contend that the Truscott chancery suit was never formally made a part of the record in the trial court and was not considered by the court in reaching its decision upon the plea of the statute of limitations; therefore the trial court committed error in making that case a part of the record on appeal by its order of February 28, 1952.

Second, defendants say that the trial court erred when it entered the order making the "Memorandum of certain incidents of the case" a part of the record on appeal. This memorandum was duly signed by the judge and shows what he had under consideration when he passed upon the plea of the statute of limitations.

It is evident, however, from reading the record that the trial court considered both the chancery suit and the memorandum. The plaintiff and the defendants requested the court to consider the Truscott case factually, and it was proper for it so to do, and to have the papers in that case and the memorandum of incidents made a part of the record on appeal. We see no merit in the cross-errors assigned.

Defendants argue that the record shows, without resort to the Truscott case, that the motion for judgment was filed on May 24, 1951, and that the date of death of R. L. Bradfield is shown to be May 16, 1948, this latter date appearing in the administrator's written motion to have parties added to the suit. Thus they contend it is shown that the motion was not filed within three years from the date of death and that the action is therefore barred by virtue of § 8-13, the three year limitation.

This contention is incorrect. If we should, as defendants urge, exclude from the record before us the Truscott chancery suit and the memorandum signed by the judge, then clearly their plea of the statute of limitations was bad and the court should have overruled it. The plea simply says that the suit was not brought within three years from the death of the decedent. It nowhere alleges the date of death, and without proof of this the court could not tell whether the suit was barred or not. There

is no information contained in the motion for judgment or in the plea indicating that the cause of action is barred. The unnecessary inclusion of the date of death in the collateral motion filed for the sole purpose of having new parties respondent brought in, cannot be accepted as proof of the fact.

Among her several assignments of error plaintiff contends that under the facts alleged in the motion for judgment, and from the facts gained by reference to the Truscott case and the record in the instant case, the court erred in holding that the three year statute of limitations applies; that the cause of action was capable of having arisen during the life of R. L. Bradfield and for this reason the limitation was extended one year by virtue of § 8-31, Virginia Code, 1950, which reads:

"*Death extends statute of limitations.*—The period of one year from the death of any party shall be excluded from the computation of time within which, by the operation of any statute or rule of law, it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy."

When we consider the case in the light of the allegations in the motion for judgment and the record before us, we must conclude that the cause of action here under consideration could have arisen in Bradfield's lifetime, it was "capable of coming into existence during the life" of Bradfield and § 8-31 of the Code tolled the running of the three-year limitation contained in § 8-13. *Steffey* v. *King*, 126 Va. 120, 128, 101 S. E. 62. The practical effect of this was to make the limitation in this instance four years from May 16, 1948, the date of Bradfield's death.

Had an absolute repudiation of the alleged contract become known to Mrs. Archer in Bradfield's lifetime, then, in accordance with our holding in *Simpson* v. *Scott,* 189 Va. 392, 399, 53 S. E. 2d 21, 24, the right of action would have accrued at the time of such breach and Mrs. Archer could have then sued, or she could have elected to await the time for performance fixed by the alleged contract, *i.e.,* the death of the promisor.

It is further strongly contended by Mrs. Archer that Code, § 8-33 applies in this instance. This section provides, *inter alia* "When any such right as is mentioned in this chapter shall accrue against a person * * *, if such person shall, * * * by any * * * way or means obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time within which such right might

or ought to have been prosecuted. * * *'' Appellant contends that: Bradfield died on May 16, 1948, his will dated October 1, 1945, was probated on May 24, 1948, and she was named sole beneficiary therein; that she later discovered the second will which had the effect of revoking the will of October 1, 1945, and therefore the statute of limitations on account of this obstruction did not start running until the discovery of the second will and for this reason the suit was seasonably filed under the provisions of Code § 8-33. In view of the conclusion reached above it is not necessary for us to decide this question, nor is it necessary for us to consider the remaining assignments relied upon.

We are of the opinion to reverse the judgment sustaining the plea of the statute of limitations, and the case is remanded for a trial upon its merits.

*Reversed and remanded.*

Hudgins, C. J., concurs in conclusion.